*E-Filed 9/15/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID LOSOYA, | No. C 09-5220 RS (PR) |
| Plaintiff, | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| JEAN WOODFORD, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed by plaintiff David Losoya, a California prisoner proceeding *pro se*, pursuant to 42 U.S.C. § 1983, against officials of Pelican Bay State Prison. The original complaint was dismissed with leave to amend on grounds that plaintiff's allegations were conclusory and undetailed. Plaintiff has filed a first amended complaint, which the Court will now review.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The amended complaint is long and rambling, and alleges many claims for relief: (1) unnamed defendants retaliated against plaintiff in violation of the First Amendment; (2) Correctional Officer Curtis used excessive force against plaintiff when Curtis threw plaintiff against a wall and used a choke-hold; (3) unspecified defendants gave plaintiff a false Rules Violation Report for resisting Officer Curtis; (4) Officers Griff, Trotter and "etc." used excessive force against plaintiff with the same method used by Curtis; (5) Correctional Officer Allen took a pillow from plaintiff's cell; (6) Officer Smith denied plaintiff a medical visit; (7) an unnamed person denied plaintiff participation in the "PSU program" for failure to obey orders; (8) Officer Hess denied plaintiff a medical visit; (9) Officer Foley denied him a psychiatric visit; (10) Officers Randow, Griffin, Mayo, Johnson, Clancy, Lafazio, Smith, and Daniels denied plaintiff yard time; (11) unnamed persons have labelled plaintiff a "mentally ill gang member" in violation of his right to due process; (12) unnamed persons "gassed" plaintiff in his cell for a refusal to obey orders; and (13) Officers Winningham and Chadwick fabricated evidence that framed plaintiff as a gang member.

Claim 1 is dismissed on grounds that plaintiff has not alleged specific facts against specific defendants. Claim 2, liberally construed, appears to state a claim for relief. Claim 3, which is related to Claim 2, is dismissed with leave to amend, plaintiff having failed to name a defendant and specific facts against such defendant. Claims 4–13 are DISMISSED on grounds that they are unrelated to Claims 2 & 3, alleging different claims against different

defendants.  *See* Fed. R. Civ. P. 15 & 20.  If plaintiff seeks relief for Claim 1 or Claims 4–13, or any of the claims individually, he must file separate civil rights actions.

**Accordingly, the complaint is DISMISSED with leave to amend within thirty (30) days from the date this order is filed.  As this is the second complaint to be dismissed with leave to amend, no extensions of time will be granted.**  In his amended complaint, plaintiff must reallege Claims 2 & 3.  Plaintiff may simply reallege Claim 2 as it appears in the first amended complaint.  As for Claim 3, plaintiff must allege specific facts against specific, named defendants.  Plaintiff may not reallege Claim 1 or Claims 4–13 in the second amended complaint, or any claims unrelated to Claims 2 & 3.

The second amended complaint must include the caption and civil case number used in this order (09-5220 RS (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his second amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: September 15, 2010

　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　United States District Judge